James E. Cecchi
Lindsey H. Taylor
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO**
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Scott A. Bursor
Joseph I. Marchese
**BURSOR & FISHER, P.A.**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 989-9113

Antonio Vozzolo
Christopher Marlborough
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LYNNE AVRAM, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and LOWE'S COMPANIES, INC.,<br><br>               Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lynne Avram, by way of Complaint against Defendants, says:

**NATURE OF THE ACTION**

1.      This is a class action against Defendants Samsung Electronics America, Inc. ("Samsung") and Lowe's Companies, Inc. ("Lowe's") for misrepresenting the energy efficiency of Samsung RF26VAB refrigerators (hereafter, the "Mislabeled Refrigerators") by promoting them as ENERGY STAR®-qualified and labeling them with the ENERGY STAR® logo. In

fact, the Mislabeled Refrigerators do *not* meet the ENERGY STAR® standards for energy efficiency, and consume significantly more energy than the label states.

2.      ENERGY STAR®-qualified refrigerators are required by the U.S. Department of Energy ("DOE") to use 20% less energy than standard models.  They are more expensive than standard models, but they come with the promise of reduced energy bills that, over time, will generate enough savings to recoup the higher price.  This is the fundamental bargain the ENERGY STAR® program offers: consumers pay a higher up-front price initially, but save more on energy bills over time using the product.

3.      Defendants' misrepresentations and false labels rendered that bargain illusory. For class members who purchased the Mislabeled Refrigerators, the promised savings from reduced energy bills never came.  Instead, class members were hit with a costly double-whammy: a higher up-front price due to the substantial price premium that ENERGY STAR® refrigerators command in the marketplace, followed by higher energy bills over the refrigerator's useful life, since its actual energy consumption is substantially higher than what was promised. Each class member paid a higher initial price for their refrigerator and will pay higher energy bills every month – month after month and year after year – for as long as the refrigerator remains in use.

4.      Plaintiff seeks relief in this action individually, and as a class action on behalf of similarly situated purchasers of the Mislabeled Refrigerators, for violations of the Magnuson-Moss Warranty Act, for breach of express warranty, implied warranty of merchantability, for unjust enrichment, and for violations of the New Jersey Consumer Fraud Act.

**THE PARTIES**

5.      Plaintiff Lynne Avram is a citizen of Arizona, residing in Scottsdale, Arizona.

6.      Defendant Samsung is a Delaware corporation with its principal place of business in Ridgefield Park, New Jersey.  Samsung is one of the world's leading manufacturers of consumer electronics and home appliances.  Samsung represents that it "makes an effort to develop environmentally-friendly products that minimize impact on the environment.  We do this by adding eco-friendly function, price, quality and design during the product development."  Samsung's corporate website boasts that "Samsung Electronics has been named 2011 Energy Star Partner of the Year in the Product Manufacturing Category."

7.      Defendant Lowe's is a North Carolina corporation with its principal place of business in Mooresville, North Carolina.  Lowe's is the second largest home improvement retailer in the world and has approximately 1,725 home improvement stores in the United States, Canada and Mexico.  Lowe is a seven-time recipient of the ENERGY STAR® Partner of the Year Award in the Partner Retailer Category.

8.      At all relevant times alleged in this matter, Defendants Samsung and Lowe's acted in concert with, with the knowledge and approval of and/or as the agent of the other defendant, and within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

10.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class members is a citizen of a state different from Defendants.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant Samsung resides in this district, Defendants do business throughout this district, and a substantial part of the events giving rise to Plaintiff's claims took place within this judicial district.

## FACTS COMMON TO ALL CLAIMS

12.     The Energy Policy and Conservation act of 1975 ("EPCA"), 42 U.S.C. § 6291, *et seq.*, established an energy conservation program for major household appliances.  EPCA was amended by the National Energy Conservation Policy Act of 1978 ("NECPA"), Pub. L. 95-619, to, among other things, give the DOE authority to regulate the minimum energy efficiency of several products, including residential refrigerator-freezers.  Further amendments to EPCA in the National Appliance Energy Conservation Act of 1987 ("NAECA"), Pub. L. 100-12, established minimum energy efficiency standards for refrigerator-freezers.

13.     ENERGY STAR® is a government-backed program to "identify and promote energy-efficient products in order to reduce energy consumption, improve energy security, and reduce pollution through voluntary labeling of, or other forms of communication about, products and buildings that meet the highest energy conservation standards."  *See* 42 U.S.C. § 6294a.  The program is jointly administered by the DOE and the Environmental Protection Agency ("EPA").  In order to qualify for the ENERGY STAR® program, most refrigerators and freezers must be at least 20% more energy efficient than the minimum energy efficiency standards mandated by federal law.

14.     Participation in the ENERGY STAR® program has a significant impact on the marketability of products. The message conveyed by the ENERGY STAR® logo is that the consumer can maximize his or her energy savings while helping to protect the environment.  The

national retailers that dominate the appliance market rely extensively on ENERGY STAR®-
related promotions to sell refrigerators and bring consumers to the store.

15.     Samsung and its retail partners, including Lowe's, aggressively marketed the
RF26VAB based on its ENERGY STAR rating.  For example, the listing of features for this
model on the website of a prominent online retailer begins:

 2008 Energy Star Rated
- By being ENERGY STAR compliant you are assured that your SAMSUNG model is helping the environment.
- Uses less energy while saving you money.

*See* http://www.ajmadison.com/cgi-bin/ajmadison/RF26VAB.html (accessed Nov. 28, 2011).

16.     Lowe's also touts its "ongoing top-to-bottom commitment to energy efficiency in
the sales and marketing of ENERGY STAR products."  Lowe's key accomplishments in this
regard include:

- Continuing to grow the quantity and variety of ENERGY STAR products in store, particularly in appliances and lighting where sales of these products from January to November [2009] saved customers close to $30 million on their energy bills and reduced greenhouse gas emissions equivalent to those from 30,000 cars.

…

- Promoting ENERGY STAR qualified products three times as much in 2009 as in 2008 across a wide range of consumer education vehicles from advertising to online, in-store marketing, PR, events, direct marketing, and more."

*See*

http://www.energystar.gov/index.cfm?fuseaction=pt_awards.showAwardDetails&esa_id=3862

(accessed Nov. 28, 2011).

17.     On June 26, 2009, Plaintiff Lynne Avram purchased a Samsung refrigerator
model RF26VAB at a Lowe's retail store in Scottsdale, Arizona.  She paid $1,213.20 plus tax,
which included a substantial price premium due to its supposed energy efficiency and ENERGY

STAR® qualification.  While shopping for a new refrigerator, Ms. Avram decided to look only at ENERGY STAR® models because she wanted to do the right thing for the environment.  She would not have purchased the Samsung RF26VAB if she had known that it was not, in fact, ENERGY STAR® compliant.

18.    On February 18, 2010, the United States Department of Energy ("DOE") notified Samsung that DOE-initiated testing revealed that Samsung's model RF26VAB did not meet the applicable ENERGY STAR energy efficiency requirements.

19.    On March 8, 2010, representatives of Samsung and DOE met to discuss the test results.  As a result of that meeting, DOE permitted Samsung to provide additional test results to demonstrate that the model at issue – RF26VAB – met the ENERGY STAR requirements.

20.    On March 12, 2010, Samsung provided additional test results to DOE; however, DOE concluded that the proffered test results failed to demonstrate that the RF26VAB met the applicable ENERGY STAR energy efficiency requirements when tested pursuant to DOE's test procedure.

21.    On March 16, 2010, DOE concluded that Samsung had failed to explain why the RF26VAB failed DOE testing and that Samsung had failed to provide documentation to demonstrate that the model met the applicable requirements.  DOE thus referred the matter to the United States Environmental Protection Agency ("EPA"), the brand manager for ENERGY STAR, for appropriate action.

22.    On information and belief, Samsung and the EPA reached an informal and private agreement whereby Samsung agreed to cease and desist from the manufacture or sale of the RF26VAB.  However, persons who had already purchased these Mislabeled Refrigerators, including plaintiff Lynne Avram, were given no notice of this agreement, or of the Mislabeled Refrigerators' noncompliance with the ENERGY STAR standard.

23.     Plaintiff Lynne Avram, and each purchaser of the RF26VAB, paid a price premium due to their Mislabeled Refrigerator's supposed energy efficiency and ENERGY STAR® qualification, and paid more money in additional energy costs to operate the Mislabeled Refrigerator than each would have paid if the refrigerator had actually met the ENERGY STAR® qualification as promised.

<strong><u>CLASS ACTION ALLEGATIONS</u></strong>

24.     Plaintiff seeks to represent a class defined as all persons in the United States who purchased a Mislabeled Refrigerator (hereafter, the "Class").

25.     Plaintiff also seeks to represent a subclass of all Class members who purchased a Mislabeled Refrigerator through Lowe's (hereafter, the "Lowe's Subclass").

26.     Members of the Class and Lowe's Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Lowe's Subclass number in the tens of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

27.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)     whether the Samsung RF26VAB was sold bearing false labels misrepresenting it as ENERGY STAR compliant;

(b)     whether Class members suffered an ascertainable loss as a result of the Defendants' misrepresentations;

7

(c)    whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

28.    Plaintiff's claims are typical of the claims of Class members because Plaintiff and Class members purchased a Mislabeled Refrigerator bearing a false label misrepresenting it as ENERGY STAR® compliant when in fact it was not.

29.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

30.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**(For Violation Of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*)**

31.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

32.    Plaintiff brings this Count I individually and on behalf of the members of the Class and Lowe's Subclass against Samsung and Lowe's.

33.    The Mislabeled Refrigerators are consumer products as defined in 15 U.S.C. § 2301(1).

34.    Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

35.    Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

36.    In connection with the sale of the Mislabeled Refrigerators, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the product met the energy efficiency requirements of the ENERGY STAR® program.

37.    In fact, the Mislabeled Refrigerators did not meet the energy efficiency requirements of the ENERGY STAR® program.

38.    By reason of Defendants' breach of warranties stating that the Mislabeled Refrigerators met the energy efficiency requirements of the ENERGY STAR® program, Defendants violated the statutory rights due Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiff and Class members.

39.    Plaintiff and Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they

paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

## COUNT II
### (For Breach of Express Warranty)

40.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

41.     Plaintiff brings this Count II individually and on behalf of the members of the Class and Lowe's Subclass against Samsung and Lowe's.

42.     Defendants, as the designer, manufacturer, marketers, distributors, or sellers expressly warranted that the Mislabeled Refrigerators were fit for their intended purpose in that they would function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

43.     In fact, the Mislabeled Refrigerators were not fit for such purposes because they do not function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

44.     Plaintiff and Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

## COUNT III
### (For Breach of Implied Warranty of Merchantability)

45.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

46.     Plaintiff brings this Count III individually and on behalf of the members of the Class and Lowe's Subclass against Samsung and Lowe's.

47.     Defendants as the designer, manufacturer, marketers, distributors, and/or sellers impliedly warranted that the Mislabeled Refrigerators were fit for their intended purpose in that they would function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

48.     Defendants breached the warranty implied in the contract for the sale of the Mislabeled Refrigerators in that the Mislabeled Refrigerators could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.  As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

49.     In reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose, Plaintiffs and Class members purchased the Mislabeled Refrigerators for use as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

50.     The Mislabeled Refrigerators were not altered by Plaintiffs and Class members. The Mislabeled Refrigerators were defective when they left the exclusive control of Defendants.

51.     Defendants knew the Mislabeled Refrigerators would be purchased and used without additional testing for energy efficiency by Plaintiffs and Class members. The Mislabeled Refrigerators were defectively designed and were unfit for their intended purpose and Plaintiffs and Class members did not receive the goods as warranted.

52.     As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

## COUNT IV
### (Unjust Enrichment)

53.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

54.     Plaintiff brings this Count IV individually and on behalf of the members of the Class and Lowe's Subclass against Samsung and Lowe's.

55.     "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid*

*Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

56.    "Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn," *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. at 58 (holding that New Jersey law applies to those claims).

57.    Plaintiff and Class members conferred a benefit on Samsung and Lowe's by purchasing the Mislabeled Refrigerators.

58.    Defendants have been unjustly enriched in retaining the revenues derived from Class members' purchases of the Mislabeled Refrigerators, which retention under these circumstances is unjust and inequitable because Samsung and Lowe's misrepresented that the Mislabeled Refrigerators complied with ENERGY STAR® standards when in fact they did not, and misrepresented the energy consumption of the Mislabeled Refrigerators, which caused injuries to Plaintiff and Class members because (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

59.    Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT V
**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq.*)**

60.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

61.     Plaintiff brings this Count V individually and on behalf of the members of the Class and Lowe's Subclass against Samsung under New Jersey law.  This Count V is not asserted against Lowe's.

62.     Defendant Samsung has its corporate headquarters and its principle place of business in New Jersey, and the scheme to rig the energy efficiency testing and misrepresent the Mislabeled Refrigerators as ENERGY STAR®-compliant was originated and implemented from New Jersey.

63.     Samsung misrepresented that the Mislabeled Refrigerators complied with ENERGY STAR® standards when in fact they did not, and misrepresented the energy consumption of the Mislabeled Refrigerators.

64.     Plaintiff and Class members suffered an ascertainable loss caused by Defendants' misrepresentations because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

> a.     For an order certifying the nationwide Class and the Lowe's Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming

Plaintiff as a representative of the Class and Lowe's Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Lowe's Subclass members;

b.      For an order declaring the Defendants' conduct violates the statutes referenced herein;

c.      For an order finding in favor of Plaintiff, the nationwide Class, and the Lowe's Subclass on all counts asserted herein;

d.      For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e.      For prejudgment interest on all amounts awarded;

f.      For an order of restitution and all other forms of equitable monetary relief;

g.      For injunctive relief as pleaded or as the Court may deem proper; and

h.      For an order awarding Plaintiff and the Class and the Lowe's Subclass their reasonable attorneys' fees and expenses and costs of suit.

**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO**
Attorneys for Plaintiff

By:     /s/ James E. Cecchi
             JAMES E. CECCHI

Dated: November 30, 2011

Antonio Vozzolo                         Scott A. Bursor
Christopher Marlborough                 Joseph I. Marchese
**FARUQI & FARUQI, LLP**                **BURSOR & FISHER**
369 Lexington Avenue, 10th Floor        369 Lexington Avenue, 10th Floor
New York, New York 10017                New York, New York 10017
(212) 983-9330                          (212) 989-9113

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

> **CARELLA, BYRNE, CECCHI,**
> **OLSTEIN, BRODY & AGNELLO**
> Attorneys for Plaintiff
>
> By:    /s/ James E. Cecchi
>          JAMES E. CECCHI

Dated: November 30, 2011

Antonio Vozzolo
Christopher Marlborough
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

Scott A. Bursor
Joseph I. Marchese
**BURSOR & FISHER**
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 989-9113

16