IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNNE AVRAM, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and LOWE'S HOME CENTERS, INC.,<br><br>       Defendants. | Civil Action No. 11-6973 (KM) (MCA) |
| MARGARET LARK,<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and LOWE'S HOME CENTERS, INC.,<br><br>       Defendants. | Civil Action No. 12-976 (KM) (MCA) |

### DISCOVERY CONFIDENTIALITY ORDER

  It appearing that discovery in the above-captioned actions is likely to involve the disclosure of confidential information, and good cause having been shown in the certifications of counsel filed in support of the entry of this Order pursuant to Local Civil Rule 5.3(b)(2), it is **ORDERED** as follows:

  1.  Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or

confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the party or third party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing, that the designating party believes in good faith contains highly sensitive business or personal information, the disclosure of which is highly likely to cause substantial injury to an individual or to the business or competitive position of the designating party, and which would not be adequately protected by the "Confidential" designation of Paragraph 1. "Attorneys' Eyes Only" information shall presumptively include customer information, financial and marketing information, information reflecting product design or development, and non-public technical research, marketing and/or pricing strategy related to a particular product or line of products. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those permitted to access such materials pursuant to Paragraphs 4 and 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. For clarity, "this action" includes both the Avram matter, Civil Action No. 11-6973, and the Lark matter, Civil Action No. 12-976, together with any and all appellate proceedings that may arise therefrom. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents thereof may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel of record (herein defined as any attorney at the parties' outside law firms) and, in the case of defendants, in-house counsel responsible for this litigation;

    b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A and, in the case of plaintiffs' outside experts or consultants, provided they have no existing affiliation with any

competitor of either defendant relating to refrigerators or to the ENERGY STAR® rating of appliances;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or was employed by the party who produced the information, document or thing at the time it was created, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, and individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

g. The parties. In the case of plaintiffs, "party" shall mean the named individual plaintiffs in their individual or class representative capacity, provided they have first signed a non-disclosure agreement in the form annexed hereto as Exhibit A, but shall not mean any other member of the putative class (whether or not a class is ultimately certified). In the case of

4

defendants, "party" shall mean individuals other than in-house counsel who are required to participate in decisions with reference to this lawsuit, provided they have first signed a non-disclosure agreement in the form annexed hereto as Exhibit A.

5. Attorneys' Eyes Only material and the contents thereof may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel of record (herein defined as any attorney at the parties' outside law firms) and in-house counsel for the parties responsible for this litigation;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A and, in the case of plaintiffs' outside experts or consultants, provided they have no existing affiliation with any competitor of either defendant relating to refrigerators or to the ENERGY STAR® rating of appliances;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or was employed by the party who produced the information, document or thing at the time it was created, or if the producing party consents to such disclosure; and

2130903.1

    f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, and individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided they have first signed a non-disclosure agreement in the form attached hereto as Exhibit A.

6. Confidential and Attorneys' Eyes Only materials shall be used only by individuals permitted access to them under Paragraphs 4 and 5. Confidential and Attorneys' Eyes Only material, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality expressly waives in writing the claim of confidentiality, or (b) the Court orders such disclosure after reasonable prior notice has been given to the producing party. Absent (a) or (b) above, no Confidential or Attorneys' Eyes Only material may be disclosed to another individual in any manner other than as set forth in Paragraphs 4 and 5. Confidential and Attorneys' Eyes Only material shall be maintained by the receiving party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

7. Nothing herein shall preclude the parties from agreeing to or seeking additional protections for any information, document, thing or portion of any document or thing that contains particularly sensitive business or personal information, including additional limitations on the individuals to whom such materials may be disclosed.

8. To the extent that the parties have produced any documents prior to the entry of this Order, those documents, unless marked with the language in accordance with Paragraphs 1 and 2 of this Order, will be treated as having been produced marked "ATTORNEYS' EYES ONLY." If a producing party decides that the previously produced documents do not require this heightened level of confidentiality, then that producing party shall provide the receiving party with the Bates range(s) of the previously produced documents and the appropriate confidentiality designation.

9. With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5 (a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5 (a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 or 5, as appropriate.

10. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation may present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

12. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving reasonable notice to the producing party and as directed by the Court.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of

2130903.1

disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Order.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party in writing, the receiving party shall return to the producing party such information and all copies thereof, and the receiving party and counsel shall not use such information for any purpose. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be destroyed. Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. Nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent disclosure.

15. If a party unintentionally discloses third party confidential documents or material in violation of this or any other non-disclosure agreement or court order, the party shall promptly, upon discovery of the disclosure, so advise the receiving party in writing and request such documents or material be returned. The receiving party shall return or destroy such documents or material, and all copies and derivations, within five (5) business days of the

receiving party's receipt of a written request for the return of the documents or material. The receiving party having returned or destroyed such documents or material may seek production of the documents or material in accordance with the Federal Rules of Civil Procedure.

16. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Order.

17. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. Third parties who produce information in this action may avail themselves of the provisions of this Order, and any information produced by third parties shall be treated by the parties in conformance with this Order.

19. This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client an evaluation in a general way of protected documents produced or exchanged under this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any protected document produced under this Order, which disclosure would be contrary to the terms of this Order.

20. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court

2130903.1

21. In the event any party that has received Confidential or Attorneys' Eyes Only material is subpoenaed in another action, is served with a demand in another action to which it is a party, or is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose material that was designated as Confidential material or Attorneys' Eyes Only material by another party in this action, that party shall object to the production of the Confidential or Attorneys' Eyes Only material and shall give prompt written notice to the party who designated the material with sufficient time to allow the designating party an opportunity to intervene. The notice shall include a copy of any such subpoena, demand, or other legal process. If the person seeking access to the Confidential or Attorneys' Eyes Only material takes action against the party in possession of such material to enforce such a subpoena, demand, or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring the receiving party to challenge or appeal any order requiring production of Confidential or Attorneys' Eyes Only material, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

22. Upon final conclusion of this litigation, including exhaustion of all appeals, each party or other individual subject to the terms hereof shall be under an obligation to return to the originating source or destroy all originals and unmarked copies of documents and things containing Confidential and Attorneys' Eyes Only material; provided, however, that outside counsel may retain complete copies of transcripts, pleadings, work product, and expert reports, including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. Within 60 days of the conclusion of this action, including exhaustion of all appeals, counsel for the receiving party shall notify counsel for the producing party, in writing, that such

2130903.1

return or destruction has taken place. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

23.    Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

2130903.1

**STIPULATED AND AGREED TO:**

/s/ *James E. Cecchi*
James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI, OLSTEIN,
 BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Antonio Vozzolo
Courtney E. Maccarone
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

Scott A. Bursor
Joseph I. Marchese
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
(212) 989-9113

*Interim Class Counsel for Plaintiffs*

/s/ *George C. Jones*
James J. O'Hara
George C. Jones
John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

*Attorneys for Defendants
Samsung Electronics America, Inc.
and Lowe's Home Centers, Inc.*

**SO ORDERED** this 31 day of Auly , 2014.

_____
HONORABLE MADELINE COX ARLEO
United States Magistrate Judge

13

2130903.1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LYNNE AVRAM, on behalf of herself and all others similarly situated, | Civil Action No. 11-6973 (KM) (MCA) |
| Plaintiff, | |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC., and LOWE'S HOME CENTERS, INC., | |
| Defendants. | |
| MARGARET LARK, | Civil Action No. 12-976 (KM) (MCA) |
| Plaintiff, | |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC. and LOWE'S HOME CENTERS, INC., | **AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |
| Defendants. | |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

2130903.1

4.  I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5.  I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only information disclosed to me.

6.  I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7.  No later than the final conclusion of the case, I will return all Confidential and Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____           _____
                                        [Name]

2130903.1