# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNNE AVRAM, on behalf of herself and all others similarly situated, | Civil Action No. 2:11-CV-06973 (KM)(JBC) |
| Plaintiff, | Motion Return Date:  September 8, 2015 |
| v. | ORAL ARGUMENT REQUESTED |
| SAMSUNG ELECTRONICS AMERICA, INC., and LOWE'S HOME CENTERS, INC., | |
| Defendants. | |

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE CLARK'S JULY 24, 2015 ORDER ON DISCOVERY (DKT. NO. 123)

Scott A. Bursor
Joseph I. Marchese
Frederick J. Klorczyk III
BURSOR & FISHER, P.A.
888 Seventh Avenue, 3rd Floor
New York, New York 10019
(646) 837-7150

James E. Cecchi
Lindsey H. Taylor
Caroline F. Bartlett
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

*Interim Class Counsel*

# TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION .................................................................................................................1

STANDARD OF REVIEW ....................................................................................................2

ARGUMENT .........................................................................................................................2

I.      MAGISTRATE JUDGE CLARK'S DISCOVERY ORDER IS
        CLEARLY ERRONEOUS AND CONTRARY TO LAW AND SHOULD
        BE REVERSED ..........................................................................................................2

        A.      The B Goods Information Is Relevant To Damages .........................................2

        B.      Magistrate Judge Clark's Order Is Premised On A Clearly
                Erroneous Factual Finding ................................................................................3

        C.      Magistrate Judge Clark's Order Is Contrary To Law .......................................5

        D.      Plaintiff Has Been Prejudiced By Magistrate Judge Clark's Order ..................7

CONCLUSION ......................................................................................................................7

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Anderson v. Bessemer City*,
  470 U.S. 564 (1985).................................................................................................. 2

*Barton v. RCI, LLC*,
  2013 WL 1338235 (D.N.J. Apr. 1, 2013) ................................................................. 6

*Cacique, Inc. v. Tropical Cheese Indus., Inc.*,
  2006 WL 1806408 (D.N.J. June 29, 2006) ............................................................... 5

*Celgene Corp. v. Natco Pharma Ltd.*,
  2015 WL 4138982 (D.N.J. July 9, 2015)............................................................... 2, 5

*Comcast v. Behrend*,
  133 S. Ct. 1426 (2013)............................................................................................... 3

*Ebin v. Kangadis Food Inc.*,
  2014 WL 737878 (S.D.N.Y. Feb. 25, 2014) ............................................................. 3

*Furst v. Einstein Moomjy, Inc.*,
  860 A.2d 435 (N.J. 2004)........................................................................................... 3

*Guiterrez v. Johnson & Johnson, Inc*.,
  2002 WL 34717245 (D.N.J. Aug. 13, 2002) ............................................................. 6

*Pub. Serv. Enter. Grp. Inc. v. Philadelphia Elec. Co.*,
  130 F.R.D. 543 (D.N.J. 1990).................................................................................... 6

*Roach v. T.L. Cannon Corp*.,
  778 F.3d 401 (2d Cir. 2015)....................................................................................... 3

## RULES

Fed. R. Civ. P. 23(b)(3)................................................................................................. 3

Fed. R. Civ. P. 26(b)(1)......................................................................................... 5, 6, 7

Fed. R. Civ. P. 26(b)(2)(C) .......................................................................................... 6

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff Lynne Avram ("Plaintiff") hereby objects to Magistrate Judge Clark's Order dated July 24, 2015 (the "Order") (Dkt. No. 123), inasmuch as it denies "Plaintiff's request for discovery from Defendants regarding the B Goods."

<u>**INTRODUCTION**</u>

The Magistrate Judge clearly erred by denying Plaintiff's request for additional discovery concerning the disposition of certain Samsung model RF26VAB refrigerators (so-called "B Goods") on the grounds of relevancy.  By way of background, Plaintiff contends that Defendant Samsung Electronics America, Inc. ("Samsung" or "SEA") breached its warranty by promoting the Samsung RF26VAB refrigerator as Energy Star qualified, when in fact that model was removed from the Energy Star program by the DOE/EPA on March 22, 2010.  During fact discovery, Plaintiff became aware that certain RF26VAB refrigerators were being re-sold by Samsung as B Goods, at a highly discounted rate, once their Energy Star labels were removed.  Thus, the sale price of these B Goods is relevant to Plaintiff's damages calculations, as it is probative of the value added by the RF26VAB's Energy Star status.

However, Samsung refused to produce documents, answer interrogatories, and produce a Rule 30(b)(6) witness concerning the B Goods after being served with a set of discovery requests on May 21, 2015.  Accordingly, Plaintiff initiated the instant discovery dispute via letter on June 26, 2015.  Dkt. Nos. 116, 118.  Upon receipt of Samsung's response on July 2, 2015, Dkt. Nos. 119, 121, Magistrate Judge Clark ordered a telephonic conference for July 24, 2015, Dkt. No. 122.  On July 24, 2015, Magistrate Judge Clark conducted a telephonic hearing and subsequently issued an Order denying Plaintiff's request for discovery regarding the B Goods.  *See* Dkt. No. 123 ("Plaintiffs' request for discovery from Defendants regarding the B Goods is **DENIED**.") (emphasis in original).

In so ruling, Magistrate Judge Clark misunderstood the nature of the B Goods at issue and, as a result, erroneously found the requested information to be "marginally relevant" despite a direct connection to Plaintiff's damages calculations.  For the reasons set forth below, Magistrate Judge Clark's Order was clearly erroneous and contrary to law and should therefore be reversed.

## STANDARD OF REVIEW

Discovery orders should be overruled if the order is clearly erroneous or contrary to law.  Local Civ. R. 72.1(c).  "The clearly erroneous standard of review applies to a magistrate judge's findings of fact."  *Celgene Corp. v. Natco Pharma Ltd.*, 2015 WL 4138982, at *2-3 (D.N.J. July 9, 2015).  "A finding of fact is clearly erroneous when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Id.* (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).  "The Third Circuit has interpreted this to mean that the appellate court must accept the factual determination of the fact finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data."  *Id.* (internal quotations and citations omitted).  By contrast, the *de novo* standard of review applies to a district judge's review of a magistrate judge's legal conclusions.  *Id.*  "A ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law."  *Id.* (internal citation omitted).

## ARGUMENT

I.   **MAGISTRATE JUDGE CLARK'S DISCOVERY ORDER IS CLEARLY ERRONEOUS AND CONTRARY TO LAW AND SHOULD BE REVERSED**

A.   **The B Goods Information Is Relevant To Damages**

To prevail on her claims, Plaintiff must prove damages, both at the class certification and the merits stages.  At class certification, Plaintiff must show that damages are calculable on a

classwide basis in order to satisfy Rule 23(b)(3)'s predominance requirement. *See Comcast v. Behrend*, 133 S. Ct. 1426 (2013); *see also Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 407 (2d Cir. 2015). On the merits, "[f]or breach of express warranty under New Jersey law, … the Supreme Court of New Jersey has stated that the appropriate damages calculation is the Benefit of the Bargain calculation: 'the remedy for a buyer who has accepted defective goods is the difference between the value of the goods accepted and the value they would have had if they had been as warranted ….'" *Ebin v. Kangadis Food Inc.*, 2014 WL 737878, at *1 n.1 (S.D.N.Y. Feb. 25, 2014) (quoting *Furst v. Einstein Moomjy, Inc.*, 860 A.2d 435, 441-42 (N.J. 2004)).

Here, Samsung sold or donated the B Good refrigerators only *after* the RF26VAB was removed from the list of Energy Star qualified refrigerators. *See* 7/24 Tr. at 9:6-7, Marchese Decl. Ex. A (the B Good refrigerators "were removed [from the distribution channel] <u>because of the ENERGY STAR issues</u>"); *see also* ███████████████████████ ████████████████████████████████████████████████ Stated otherwise, the very same refrigerator purchased by Plaintiff was being re-sold at a discounted rate once its Energy Star label was removed. This information is probative of the "value of the goods accepted" portion of the "Benefit of the Bargain" damages calculation.

### B.   Magistrate Judge Clark's Order Is Premised On A Clearly Erroneous Factual Finding

Magistrate Judge Clark's ruling was based on clearly erroneous factual findings concerning the nature of the B Goods refrigerators at issue.

As already discussed, information concerning the B Good refrigerators is relevant because it will help establish the price premium attributable to the Energy Star label. Despite "understand[ing] why [Plaintiff] would want to get this information and rely on it," *see* 7/24 Tr. at 9:11-16, Marchese Decl. Ex. A, Magistrate Judge Clark nonetheless disclaimed the relevance

of this information under the belief that the B Goods were simply designated due to minor

imperfections like dents and scratches:

> THE COURT:  …  You're representing that [the ENERGY STAR
> problem is] not the only reason some of these refrigerators were
> pulled back, but that scratch and dent and other reasons might have
> been [] – a part of the deal with at least some of the refrigerators.
> Is that right?

*Id.* at 18:18-23.  But that is incorrect.  As Samsung immediately clarified, these B Good

refrigerators were, in fact, designated as such <u>because of</u> the Energy Star issue:

> MR. OLISS:  Well, yeah, let me just clarify that, that the B goods
> are, generally speaking, open boxed models, as I understand it, so
> they're going to be returns, floor models, things of that nature.  So,
> you know, <u>we don't dispute that these refrigerators were gathered</u>
> <u>and returned because of the ENERGY STAR issue</u>, but they were
> not pulled from the shelves in the sense that they were, you know,
> actively, you know, current models.

*Id.* at 18:24-19:7 (emphasis added).

Notwithstanding this clarification, Magistrate Judge Clark's ruling was premised on the

mistaken understanding that the refrigerators were designated as B Goods due to reasons other

than the Energy Star issue:

> THE COURT:  …  I just don't see, given that the model was <u>being</u>
> <u>discontinued, given that you've got the representation that these</u>
> <u>were floor models, that they were – you know, that they were late-</u>
> <u>term things that all being sent back, and that they were – you</u>
> <u>know, given that they were late-term models sold under</u>
> <u>substantially or disposed of, and some were just given away</u>, but
> disposed of under substantially different conditions than they – you
> know, refrigerators that are – that are sold, you know, on an
> ongoing basis as viable and as brand-new, I just don't see how this
> information is going to advance the ball in this case.

*Id.* at 19:8-19 (emphasis added).

This is clearly erroneous in light of the record.  In addition to its clarification, Samsung

also admitted on the record that the refrigerators "were removed [from the distribution channel]

because of the ENERGY STAR issues." *Id*. at 9:6-7 (emphasis added). [1]  Samsung's documents

further confirm that these leftover units were removed from distribution ██████████████



██████████████████████. Simply put, no evidence supports the finding that these

refrigerators were designated as B Goods for any reason other than the Energy Star issue.

Accordingly, Magistrate Judge Clark's finding should therefore be reversed as it "bears no

rational relationship to the supportive evidentiary data." *Celgene Corp.*, 2015 WL 4138982,

at *2 (internal quotations and citations omitted).

### C.    Magistrate Judge Clark's Order Is Contrary To Law

Magistrate Judge Clark's discovery ruling is also contrary to law.  Absent a court order

limiting the scope of discovery, "[p]arties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "The Rule

permits the requesting party to obtain even inadmissible material, so long as it is relevant to the

claim or defense of any party, unprivileged, and appears reasonably calculated to lead to the

discovery of admissible evidence."  *Cacique, Inc. v. Tropical Cheese Indus., Inc.*, 2006 WL

1806408, at *2 (D.N.J. June 29, 2006) (internal quotations omitted).  Furthermore, "a request for

discovery should be considered relevant if there is any possibility that the information sought

may be relevant to the subject matter of the action."  *Id.*  Rule 26(b)(1) permits a court to deny

discovery of otherwise relevant evidence upon a determination that:

---

[1] Any representation from Samsung relating to these B Good refrigerators cannot be confirmed,
as Samsung's records are admittedly lacking.  *See* 7/24 Tr. at 9:4-5, Marchese Decl. Ex. A (MR.
OLISS:  "We do not have good records of what happened to these particular refrigerators.").
Accordingly, any reliance placed on Samsung's representations is clearly erroneous because the
representation "is completely devoid of minimum evidentiary support displaying some hue of
credibility."  *Celgene Corp.*, 2015 WL 4138982, at *2 (internal quotations omitted).

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking the discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Fed. R. Civ. P. 26(b)(2)(C)).

Here, Magistrate Judge Clark made no such determination. There was no finding that the B Goods information sought was "unreasonably cumulative or duplicative" or that it was "obtainable from some other source that is more convenient," *Pub. Serv. Enter. Grp. Inc. v. Philadelphia Elec. Co.*, 130 F.R.D. 543, 551 (D.N.J. 1990), presumably because this information is exclusively in Samsung's possession and control. Nor was there a finding that Plaintiff "had ample opportunity by discovery in the action to obtain the information sought." Moreover, although Magistrate Judge Clark "th[ought] that the disclosure … would be burdensome," 7/24 Tr. at 20:5-7, Marchese Decl. Ex. A, this finding lacks any evidentiary support because, other than this single reference, Samsung's burden in producing the B Goods information was not otherwise addressed at the hearing. [2] Accordingly, Magistrate Judge Clark's ruling was contrary

---

[2] Samsung's discussion of its burden in producing this information in its July 2, 2015 response letter does not provide the necessary support for Magistrate Judge Clark's finding. *Compare* ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████ *with Barton v. RCI, LLC*, 2013 WL 1338235, at *3 (D.N.J. Apr. 1, 2013) ("'[T]he party resisting production of discovery bears the burden of establishing lack of relevancy or undue burden,' 'must demonstrate to the Court that the requested documents either do not come within the broad scope of relevance as defined in Fed. R. Civ. P. 26(b)(1) or else that they are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure,' and <u>'must do more than argue that to compile and produce [documents] would be burdensome</u>.'") (quoting *Guiterrez v. Johnson & Johnson, Inc.*, 2002 WL 34717245, at *7 (D.N.J. Aug. 13, 2002)) (emphasis added).

to Rule 26(b)(1) in that it failed to make a determination sufficient to justify the denial of discovery of otherwise relevant information.

### D.   Plaintiff Has Been Prejudiced By Magistrate Judge Clark's Order

Plaintiff has been prejudiced as a result of Magistrate Judge Clark's clearly erroneous discovery Order.  As Plaintiff explained, the requested B Goods discovery is relevant to establishing damages.  *See supra* § A.

At the hearing, Magistrate Judge Clark noted that "there are probably a variety of other avenues you … probe or go down" with respect to establishing damages.  7/24 Tr. at 14:8-10, Marchese Decl. Ex. A.  That sentiment, however, misses the point as Plaintiff is entitled to prove damages using all available avenues.  By prohibiting inquiry into the B Goods, Magistrate Judge Clark necessarily foreclosed the opportunity Plaintiff to explore, let alone introduce, evidence regarding the value that Samsung received in the course of disposing of the B Goods refrigerators.  Moreover, to the extent Samsung maintains that there are additional differences between the B Goods and those sold with the Energy Star label, it is entitled to argue those differences.  Any such speculative differences, however, do not provide a basis to deny discovery on this topic in its entirety.

## <u>CONCLUSION</u>

For the foregoing reasons, Magistrate Judge Clark's Order should be reversed with respect to the requested discovery.

Dated:  August 7, 2015

Respectfully submitted,

By: _____

Joseph I. Marchese

Scott A. Bursor
Joseph I. Marchese
Frederick J. Klorczyk III
BURSOR & FISHER, P.A.
888 Seventh Avenue, 3rd Floor
New York, New York 10019
(646) 837-7150

James E. Cecchi
Lindsey H. Taylor
Caroline F. Bartlett
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Antonio Vozzolo
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

*Interim Class Counsel*