UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Lynne AVRAM, on behalf of herself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC. and LOWE'S HOME CENTERS, INC.,**<br><br>Defendants. | Civ. No. 11-6973 (KM) (JBC)<br><br>**OPINION & ORDER** |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on the Motion (Dkt. No. 126) of the Plaintiff, Lynne Avram, to appeal the portion of Magistrate Judge Clark's July 24, 2015 order (the "Order," Dkt. No. 123) denying Avram's request for discovery regarding the so-called "B Goods." I endorse Judge Clark's sound and practical approach to the management of this case. I am affirming his order, substantially for the reasons set forth in his oral opinion; this Opinion should be read as a supplement. For the reasons set forth below, Avram's appeal of Judge Clark's Order is **DENIED** and the Order is affirmed.

I.  **BACKGROUND**

Plaintiff Lynne Avram brought this putative class action against Samsung Electronics America, Inc. ("Samsung") and Lowe's Home Centers, Inc. ("Lowe's") seeking damages for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, breach of an express warranty, breach of the implied warranty of merchantability, unjust enrichment and violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, relating to the marketing and sale of

1

Samsung RF26VAB refrigerators as ENERGY STAR compliant. (Dkt. No. 1) Avram maintains that appliances with the ENERGY STAR logo are sold for higher prices than non-ENERGY STAR appliances with the inherent promise that the buyer will, over time, recoup the cost of the upfront surcharge (and perhaps save even more money) because of lower energy bills. According to the Complaint, RF26VAB refrigerators were marketed based on their ENERGY STAR rating, but the Department of Energy withdrew the refrigerator's ENERGY STAR qualification in 2010 for failing to meet energy efficiency requirements. Thereafter, Samsung stopped making and selling RF26VAB refrigerators.

In 2009, before the removal of the ENERGY STAR rating, Avram purchased an RF26VAB refrigerator at a Lowe's retail store in Arizona. According to the complaint, she paid a premium price for what she thought was an ENERGY STAR-compliant appliance, and also ended up paying more in energy bills to operate that refrigerator than she would have if the refrigerator had met ENERGY STAR efficiency standards.

Avram filed her complaint on November 30, 2011. (Dkt. No. 1) Following motions to dismiss, discovery commenced in 2013. Although extended a number of times, the close of fact discovery was set for June 30, 2015. (Dkt. No. 112)

On May 8, 2015, at the Rule 30(b)(6) deposition of Shawn McCarter, Samsung's former Senior Sales Manager, Avram learned that, following the removal of the ENERGY STAR label, RF26VAB refrigerators were taken back from retailers and either donated or re-sold at a discount as so-called "B Goods." (Dkt. No. 116) Avram served a supplemental set of document requests and interrogatories on Samsung relating to these B-Goods, seeking information on the number of units disposed of after the ENERGY STAR logo was removed from the refrigerators, whether those units were sold or donated, and if sold, at what prices. (*Id.*) Avram also served a revised notice of 30(b)(6) deposition to include the topic of the disposition of RF26VAB refrigerators after the ENERGY STAR logo was removed. Samsung objected to these discovery requests on the

grounds that they were overly broad, unduly burdensome and irrelevant. (Dkt. No. 119) Magistrate Judge Clark conducted a conference call with the parties on July 24, 2015. (Dkt. No. 123) Following that call, Magistrate Judge Clark issued a letter order denying Avram's request for discovery on the B Goods. (Dkt. No. 123)

Avram now appeals that denial. (Dkt. No. 126) Avram argues that information relating to B Goods is relevant to the determination of damages because it shows the decrease in the value of the refrigerators without the ENERGY STAR label. Magistrate Judge Clark, according to Avram, based his decision on an erroneous factual finding that the refrigerators were taken off the shelves due to factors other than the ENERGY STAR label (such as dents, scratches, and retiring that line of refrigerators). Avram also argues that Judge Clark failed to make a determination under Federal Rule of Civil Procedure 26(b)(2)(C) that the requested discovery was unreasonably cumulative or duplicative, obtainable from other sources, or unduly burdensome so as to overcome the relevancy of the information. Finally, Avram contends that she is prejudiced by the lack of discovery on the B Goods because one avenue of analyzing damages has been foreclosed.

## II.   DISCUSSION

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998*); Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset

and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997)(internal quotations omitted); *see Deluccia*, 2012 WL 909548, at *1 (same).

This case was originally assigned to Magistrate Judge Shipp, but was reassigned to Magistrate Judge Hammer in August of 2012, and then reassigned to Magistrate Judge Arleo in December of that same year. In September 2014, the case was reassigned to Magistrate Judge Mannion, and finally, was reassigned to Magistrate Judge Clark in June 2015. As a result of vacancies and appointments to our Court, Magistrate Judge Clark has not managed the case from its outset. Nevertheless, I am confident from the record that Judge Clark is fully attuned to and familiar with the issues in this case.

### a. Relevancy

Pursuant to Federal Rule of Civil Procedure 26(b)(1), a court "may order discovery of any matter relevant to the subject matter involved in the action." Relevancy is liberally construed, but can be limited by the circumstances of the case. A court may deny a discovery request if, after considering the following factors, the Court finds it likely that the burden of the discovery would outweigh its benefits: (i) whether the discovery sought is unreasonably cumulative or duplicative; (ii) whether the party seeking discovery had ample opportunity to obtain the information by other discovery; and (iii) whether the discovery sought is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the requested discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

Avram argues that information regarding the price at which the B Goods were sold or donated is relevant to proving damages. (Pl. Br.[1], p. 3) According

---

[1] Citations to the record will be abbreviated as follows:
"Pl. Br." will refer to Plaintiff's Objections to Magistrate Judge Clark's July 24, 2015 Order on Discovery (Dkt. No. 123), filed under seal on August 7, 2015, Dkt. No. 126-1;

4

to Avram, demonstrating damages for breach of an express warranty under New Jersey law requires showing the difference between the value of the goods accepted and the value the goods would have had if they had been as warranted, or in other words, damages are determined using a "Benefit of the Bargain" calculation. (*Id.*) Samsung only began selling at a discount or donating the RF26VAB refrigerators after the ENERGY STAR label was removed, and thus, says Avram, the reduced price at which the B Goods refrigerators were sold or donated goes to show the effect in price the ENERGY STAR label had on the RF26VAB refrigerators. In fact, Avram contends that Magistrate Judge Clark failed to understand that the only reason the RF26VAB refrigerators were retrieved from retailers and sold at a discount or donated was because of the loss of the ENERGY STAR label. (*Id.*, p. 3-4) Avram contends that Samsung admitted at the hearing that the reason the refrigerators were collected from retailers was "<u>because of the ENERGY STAR issue</u>." (*Id.*) (emphasis in original)

Samsung says Avram has it wrong: while the loss of the ENERGY STAR label might have prompted the collection of the left-over RF26VAB refrigerators, those B Goods units were not comparable to the refrigerator Avram purchased. Samsung contends that the RF26VAB model of refrigerators was in "end of life" in 2009, before the ENERGY STAR label was removed in March of 2010, and was in the process of being transitioned out to make room for the newer models. (Tr. 8:5-9) What remained on retailers' shelves after the ENERGY STAR label was removed, according to Samsung, were "scratch and dent or open box, floor models, not …shiny, new refrigerators." (Tr. 8:21-9:25; Dft. Br., p. 4-5) Thus, the B Goods units were, in effect, different goods than the refrigerator Avram bought. Therefore, according to Samsung, the price at which the B

---

"Dft. Br." will refer to Defendant Samsung Electronics America, Inc.'s Response to Plaintiff's Objections to Magistrate Judge Clark's July 24, 2015 Order on Discovery, filed on August 25, 2015, Dkt. No. 131;

"Tr." will refer to the copy of the Transcript of Teleconference Before the Honorable James B. Clark, III on July 24, 2015, filed as Exhibit A to Pl. Br., Dkt. No. 126-2.

5

Goods were sold or donated has no relevance to the price at which new, shiny, boxed RF26VAB refrigerators with the ENERGY STAR label were sold.

Magistrate Judge Clark found that while Samsung does state that the refrigerators were taken back from retailers "because of the ENERGY STAR issues," it appears there were other factors that would have gone into determining the price at which those units would be disposed of. (Tr. 9:6-10, 19:8-19) In other words, the comparison between the price Avram paid for her RF26VAB with the ENERGY STAR label and the price at which one of the B Goods refrigerators was sold would not be an apples-to-apples comparison. As Magistrate Judge Clark noted, the requested information about the B Goods may not assist in determining the "true value" of the ENERGY STAR label. (Tr. 11:23-25) In this way, Magistrate Judge Clark found that information on the B Goods would be only "marginally relevant" and that "it may muddy the waters" by confusing the issue of the economic value of the ENERGY STAR label. (Tr. 14:2-4, 19:22-20:5)

Even putting aside the scratch-and-dent issue, I agree with Judge Clark that the comparison that plaintiff seeks to draw is not an apt one. A distress sale of recalled units of a discontinued (or near-discontinued) model bears only the most tenuous relation to the true economic value of the units plaintiff purchased. Indeed, some were not sold at all, but donated; that does not establish that the unit plaintiff bought was worthless. That economic value would have to be established by other means in any event.

I find that Magistrate Judge Clark was within his discretion to conclude that the requested B Goods information would be at best marginally relevant; at worst, it would be irrelevant or even misleading as to the economic value of the ENERGY STAR label. That finding is neither clearly erroneous nor contrary to law, nor is it an abuse of discretion.

### b. Undue Burden

As noted above, where the burden of discovery outweighs its potential benefit, a court may deny discovery. *See* Fed. R. Civ. P. 26(b)(2)(C). Avram argues that Magistrate Judge Clark's finding that the discovery sought would be burdensome was unsupported by the evidence. (Pl. Br., p. 6) Avram notes that burden went undiscussed at the hearing and Magistrate Judge Clark's finding on burden seemed to rest solely on Samsung's bare contention that such discovery would be burdensome. (*Id.*)

For its part, Samsung contends that the requested discovery was "excessively broad and burdensome" to the extent that the document requests and interrogatories sought, for example, the identities of "all persons involved in the disposition of B Goods," and "all documents concerning Samsung's policies and procedures for the disposition of B Goods." (Dft. Br., p. 7) Samsung also contends that it produced documents relating to the B Goods back in 2014. (*Id.*; Tr. 15:10-15) Finally, Samsung argues that the requested discovery came at the eleventh hour because it was not until a month before the close of fact discovery that Avram sought disclosure relating to the B Goods. (Dft. Br., p. 7)

Contrary to Avram's assertion, Magistrate Judge Clark addressed the issue of burden at the hearing. First, Judge Clark found that the topic of B Goods was brought up the prior year, and that the issue of additional discovery on the B Goods could have been explored at that time. (Tr. 16:19-23) Furthermore, Judge Clark was concerned with the timing of the requested discovery where fact discovery had closed and the fact that this case was an old one, dating from 2011. (Tr. 16-24-17:3) Even accepting Avram's contention that it was not until after the 30(b)(6) deposition in May that Avram realized the importance of the B Goods, Judge Clark determined that the timing of the request and the burden associated with the requested discovery weighed against permitting it. (Tr. 17:4-18:8, 20:7-9) In short, Judge Clark validly found that the discovery sought was unduly burdensome, under the circumstances

7

and in relation to the minimal importance of the requested material to the resolution of the issues in this case.

I find that Magistrate Judge Clark properly weighed the circumstances of this case in determining that the burden of the requested discovery outweighed any benefits it might have.

### c. Prejudice

Finally, Avram argues that she has been prejudiced by the denial of B Goods discovery because Magistrate Judge Clark's denial of her discovery request has foreclosed one avenue of establishing damages. (Pl. Br., p. 7) As Judge Clark noted, however, Avram was in receipt of at least some documents relating to the B Goods and has submitted her expert report which undoubtedly set forth the expert's arguments as to the value of the ENERGY STAR label. (Tr. 19:19-21) Thus, I find that there has been no undue prejudice to Avram as a result of the denial of additional discovery relating to the B Goods.

## ORDER

Accordingly, based on the reasons expressed by Magistrate Judge Clark, supplemented by this Opinion, and for good cause shown;

**IT IS** this 20th day of October, 2015;

**ORDERED** that Plaintiff's Motion to reverse Magistrate Judge's Clark's Order (Docket No. 126) is **DENIED**. The Order is affirmed.

/s/ Kevin McNulty
KEVIN MCNULTY, U.S.D.J